# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| v. | *   CRIM. NO. JKB-15-0646 |
| DONTE WILLIAMS, | * |

## MEMORANDUM ORDER

The Defendant Donte Williams was sentenced to a period of 72 months' imprisonment after he pleaded guilty to conspiracy to distribute narcotics. He has been designated by the Bureau of Prisons ("BOP") to serve the remainder of that sentence at a Volunteers of America ("VOA") halfway house with a projected release date of June 25, 2020. He has now filed an Emergency Motion for Immediate Transfer to Home Confinement (ECF No. 118) in light of the Coronavirus, known as COVID-19, Pandemic Crisis. *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020.) The Government has filed its opposition to this Motion. (ECF No. 119.) The matter has been briefed and no hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, the Motion will be DENIED.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction." However, a defendant may only move for a reduction under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion

on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The Court of Appeals for the Fourth Circuit has been very firm that a court is without the authority to modify a sentence except in conformity with the specific circumstances and procedures established by § 3582. *See United States v. Goodwyn*, 596 F.3d 233 (4th Cir. 2010) (a court "'may not modify a term of imprisonment once it has been imposed'" unless expressly permitted by statute) (quoting § 3582).

The Fourth Circuit has not ruled on whether the requirements in § 3582(c)(1)(A) are jurisdictional, and this Court need not make that determination to resolve this motion. It is sufficient for purposes of this motion that § 3582(c)(1)(A) mandates that the defendant exhaust his or her administrative remedies prior to seeking relief in this Court. *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); *United States v. Monzon*, Crim. No. DLC-99-157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional). As such, because Williams has not pursued the procedure established by § 3582(c)(1)(A), this Court may not grant a motion to modify his sentence.

Furthermore, it is inherently the authority of the Bureau of Prisons to transfer an inmate to home confinement, pursuant to 18 U.S.C. § 3624(c). That section specifically provides that "[t]he authority under this subsection may be used to place a prisoner in home confinement for the shorter of ten percent of the term of imprisonment of that prisoner or six months."

As a final matter, the Court notes the existence of recent Orders of this Court granting immediate early releases with respect to other individuals confined at VOA. *See, e.g.*, *United States v. Valleria Rice*, RDB-17-0127, ECF No. 506 (D. Md. Mar. 19, 2020); *United States v.*

*Demario King*, DKC-16-0484, ECF No. 1472 (D. Md. Mar. 20, 2020); *United States v. Erica Cook*, JKB-16-0485, ECF No. 1727 (D. Md. Mar. 20, 2020); *United States v. Douglina Battle*, DKC-18-0350, ECF No. 89 (D. Md. Mar. 23, 2020). These releases were initially not opposed by the Government, but the Government has now reversed its position and is filing Motions for Reconsideration of those Orders.

The Court acknowledges the very real danger posed by the COVID-19 pandemic and Williams's legitimate concerns about his living situation. However, this Court is limited by the existing statutory authority in the relief it may grant.

Accordingly, Williams's Emergency Motion for Immediate Transfer to Home Confinement (ECF No. 118) is DENIED. The Court urges William to pursue the procedures established by § 3582(c)(1)(A) to seek his requested relief.

DATED this 27th day of March, 2020.

BY THE COURT:

_____/s/_____

James K. Bredar
Chief Judge